UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MIGUEL AQUINO,

        Petitioner,

  -v-                                            No. 08 Civ. 8021 (LTS)
                                                   No. 05 Cr. 52 (LTS)

UNITED STATES OF AMERICA,

        Respondent.
--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

On June 7, 2006, Petitioner Miguel Aquino ("Petitioner") was sentenced, after a guilty plea before this Court, principally to 87 months imprisonment, to be followed by five years of supervised release. The judgment was appealed and affirmed, the mandate was issued by the United States Court of Appeals for the Second Circuit on October 15, 2007, and Aquino's petition to the Supreme Court of the United States for a writ of ceriorari was denied. In light of the amendments to the provisions of the Sentencing Guidelines concerning crack cocaine, the Court thereafter reduced Petitioner's sentence of imprisonment to 70 months, pursuant to 18 U.S.C. § 3582(c)(2).[1]

On August 19, 2008, Petitioner filed this petition for relief pursuant to 28 U.S.C. § 2255, requesting that the Court conduct an evidentiary hearing to resolve disputed facts, vacate his sentence and resentence him on the basis that his trial counsel rendered ineffective assistance by: 1) failing to argue in connection with sentencing that Petitioner's offenses only involved 130

---

[1] Although the amendments changed the base offense levels associated with crack cocaine and resulted in a reduction in Petitioner's sentence, none of the amendments affects the issues raised in the instant petition.

grams of cocaine base, not 220 grams of cocaine base as indicated in the Presentence Report ("PSR"), resulting in a higher base offense level under the Sentencing Guidelines; 2) failing to argue pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny that a jury was required to find beyond a reasonable doubt that 220 grams of cocaine base was involved; and 3) failing to argue that Petitioner was improperly found guilty on two counts (Counts Two and Five), in that both charged Petitioner with the same conduct: a single transaction of cocaine base on April 15, 2004.

The Court has considered thoroughly the parties' submissions as well as the underlying record, familiarity with which is presumed. For the following reasons, the petition is denied in its entirety.[2]

## DISCUSSION

In order to prevail under 28 U.S.C. § 2255, a petitioner must show that 1) his sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. A claim that is raised in a § 2255 petition but was not presented on direct appeal is procedurally barred from consideration by the district court reviewing the § 2255 petition unless the petitioner establishes cause for failure to raise the issue on direct appeal and actual prejudice arising from the alleged violation or, in the alternative, actual innocence. See Zhang v. United States, 506 F.3d 162, 166

---

[2] Because there are no issues of disputed fact material to the Court's determination, Petitioner's request for an evidentiary hearing is denied.

(2d Cir. 2007). This rule, however, does not apply to ineffective assistance of counsel claims. See id.

A claim of ineffective assistance of counsel under the Sixth Amendment must satisfy the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show: first, that counsel's performance fell below an objectively reasonable standard of performance, and second, that the deficient performance prejudiced the outcome of the proceeding. See United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990). Regarding the first prong, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007). The Court must also bear in mind that "there are countless ways to provide effective assistance in any given case." Aguirre, 912 F.2d at 560 (citing Strickland, 466 U.S. at 689). With respect to the second prong, prejudice is shown if, but for the deficient performance, there was a "reasonable probability" that the outcome of the proceeding would have been different. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 694). A court need not address both prongs if a petitioner fails to make a sufficient showing on one. See Ordenes v. United States, No. 05 Civ. 8968(HB), 2007 WL 1766772, *10 (S.D.N.Y. June 9, 2007).

Petitioner faults trial counsel for failing to argue in connection with sentencing that Petitioner's offenses only involved 130 grams of cocaine base, not 220 grams of cocaine base as indicated in the Presentence Report ("PSR"), which, Petitioner contends, caused the

Court to assign a higher base offense level under the Sentencing Guidelines than was proper. Petitioner proffers as evidence a "Report of Drug Property Collected, Purchased or Seized" dated May 5, 2004, which indicated that cocaine base had been seized at Petitioner's arrest, and that the "gross weight" was 172.6 grams, while the "net weight" was 130.8 grams. The Government concedes that the PSR's reference to "220 grams of cocaine base" was incorrect. The Government asserts, however, that the "gross weight" of 172.6 grams indicated in the drug report represents the total weight of the drug mixture or substance seized at Petitioner's arrest, while the "net weight" of 130.8 grams represents the weight of the cocaine base itself, which was only part of the mixture or substance that was seized. Petitioner does not dispute this assertion, but argues that the Court's adoption of the PSR's position as to quantity resulted in a base offense level that was two levels higher, under Section 2D1.1(c) of the Sentencing Guidelines, than the base offense level that would have been assigned if Petitioner's counsel had demonstrated that only 130.8 grams of actual cocaine base were involved.[3]

Petitioner's argument misapprehends the application of Section 2D1.1(c) of the Sentencing Guidelines. Subsection A of the "Notes to Drug Quantity Table," which follows the table of base offense levels in Section 2D1.1(c) of the Sentencing Guidelines, provides, "Unless

---

[3] There is no difference in the base offense level assigned for an offense involving 170 grams of a mixture and substance containing a detectable amount of cocaine base and the level for an offense involving 220 grams of such a mixture or substance. See Sentencing Guidelines § 2D1.1(c) (same offense level for 150 grams to 500 grams of a mixture and substance containing detectable amount of cocaine base). Therefore, to the extent that Petitioner contends that the Guidelines calculation would have been different had counsel demonstrated that 170 grams rather than 220 grams was involved, Petitioner's motion is denied because a finding that 170 grams rather than 220 grams was involved would have resulted in the same base offense level.

otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance."[4] Therefore, it is the weight of the <u>mixture or substance</u> containing a detectable amount of cocaine base that is relevant in determining the proper base offense level under Section 2D1.1(c) of the Sentencing Guidelines, rather than the weight of the cocaine base itself within that mixture or substance.  This application is consistent with the corresponding statute, which sets forth penalties dependent in part on the weight of the entire <u>mixture or substance</u> containing a detectable amount of the narcotic at issue, rather than the weight of the narcotic itself.  <u>See generally</u> 21 U.S.C. § 841(b)(1).  Accordingly, the failure of Petitioner's counsel to argue that the weight of the cocaine base itself was only 130 grams was not unreasonable and would not, in any event, have affected the proper application of the Guidelines based on the undisputed fact that the mixture and substance containing the cocaine base weighed between 150 and 500 grams.  Petitioner has therefore failed to demonstrate ineffective assistance or prejudice on that basis.

Petitioner's counsel was also not ineffective for failing to pursue an <u>Apprendi</u> argument relating to the application of the Guidelines.  The Supreme Court held in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Id.</u> at 490.  "The <u>Apprendi</u> rule applies to the resolution of any fact that would substitute an increased sentencing range for the one otherwise applicable to the case."  <u>See</u> <u>United States v. Gonzalez</u>, 420 F.3d 111, 129 (2d Cir. 2005).  Petitioner pled guilty to conspiring to distribute or

---

[4]  This is true of both the November 1, 2005, edition of the Sentencing Guidelines, which was the version used in determining Petitioner's sentence, as well as the current November 1, 2008, edition.

possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base (Count Two), and distributing or possessing with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base (Count Five).  Although the Court's finding, for purposes of calculating the proper base offense level under the Guidelines, that the weight of the drug involved in the relevant offenses was between 150 grams and 500 grams subjected Petitioner to a Guidelines range higher than that which would have applied had Petitioner's offenses only involved 50 grams, the sentencing ranges proposed by the Guidelines are not mandatory, as the Supreme Court held in Booker v. United States, 543 U.S. 220 (2005).  In accordance with Booker and 18 U.S.C. § 3553(a), the Court did not construe the sentencing range proposed by the Guidelines to be mandatory, but applied its discretion by considering the advisory sentencing range as one of many factors set forth in 18 U.S.C. § 3553(a).  (See Sentencing Tr. at 13.)  Therefore, the Court's finding of drug weight did not subject Petitioner to a higher mandatory sentencing range, such that a jury finding would have been required under Apprendi.  Nor did the Court's finding of drug weight subject Petitioner to maximum penalties higher than those provided by statute by virtue of his admission at the plea allocution that the drug at issue weighed at least 50 grams.  See 21 U.S.C. § 841(b)(1)(A).  Accordingly, Petitioner's counsel was not ineffective for failing to raise an Apprendi argument.

       Petitioner lastly contends that his counsel was ineffective for failing to argue that Petitioner was improperly charged with, or found guilty of, multiple counts (Counts Two and Five) when the underlying offense conduct involved a single transaction of cocaine base on April

15, 2004.[5]  "An indictment is multiplicitous if it charges the same crime in two counts.  The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment."  United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004) (citing cases).  "When the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 229, 304 (1932).  Count Two charged Petitioner with conspiring, that is, agreeing with another person, to distribute or possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base, see 21 U.S.C. § 846, while Count Five charged Petitioner with actually distributing or possessing with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base.  See 21 U.S.C. § 841(a)(1).[6]  Count Two

---

[5]  Petitioner's submissions could be construed as asserting an argument on the merits that Counts Two and Five were improperly multiplicitous rather than as an argument that his counsel was ineffective for raising this issue.  However, the petition itself, Petitioner's memorandum of law and Petitioner's reply explicitly set forth ineffective assistance of counsel as the sole grounds for Petitioner's request for relief, and Petitioner fails to indicate whether this argument was ever raised on direct appeal.  The Court would, in any case, reject this argument on its merits, for substantially the reasons articulated below.

[6]  Contrary to what Petitioner asserts in his reply, Petitioner did not admit to only possessing with intent to distribute 50 grams of crack cocaine in connection with his plea of guilty to Counts Two and Five, but admitted both to agreeing with another to possess with the intent to distribute the drug on April 15, 2004, and actually possessing with the intent to distribute the drug on April 15, 2004.  (See Plea Tr. at 29:11-23 ("April 15th of 2004 in Manhattan, New York, knowingly I agreed with others to possess with the intention of distributing 50 grams of crack. . . . On April 15, 2004, in the Bronx, New York, I knowingly possessed with the intent to distribute at least 50 grams of crack cocaine.").)

requires proof of a fact (the agreement with another person) that Count Five does not and thus, Counts Two and Five were not improperly multiplicitous. Accordingly, Petitioner's counsel was not ineffective for failing to assert that argument.

The Court has considered thoroughly all of Petitioner's remaining arguments and finds them to be without merit.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for relief pursuant to 28 U.S.C. § 2255 is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated:   New York, New York
         June 19, 2009

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge